FILED

NOT FOR PUBLICATION

MAY 17 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

TEREBEA JEAN WILLIAMS,

Petitioner - Appellant,

v.

DEBORAH JACQUEZ,

Respondent - Appellee.

No. 11-15653

D.C. No. 2:05-cv-00058-LKK-GGH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted April 20, 2012
San Francisco, California

Before: NOONAN and MURGUIA, Circuit Judges, and TIMLIN, Senior District Judge.[**]

Terebea Jean Williams appeals the district court's denial of her habeas

corpus petition.  Williams asserts that this court should vacate her conviction and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Robert J. Timlin, Senior District Judge for the U.S. District Court for Central California, sitting by designation.

order a new trial because her custodial statements were admitted at trial in violation of *Miranda v. Arizona*, 384 U.S. 436 (1996).

The California Court of Appeal did not unreasonably apply federal law in determining that any potential violation of Williams's *Miranda* rights was excused under California's rescue doctrine. While the questioning of Williams may have been investigatory in nature as to not fall within the "public safety" exception set out in *New York v. Quarles*, 467 U.S. 649 (1984), "fair-minded jurists could disagree." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The state court's finding that the officers were prompted by a concern for rescue does not violate "clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

**AFFIRMED**.

*Williams v. Jacquez*, No. 11-15653

MURGUIA, Circuit Judge, concurring in the judgment.

I write separately because, unlike the majority, I cannot say that the California Court of Appeal's decision that Williams's confession was admissible under the California "rescue doctrine" was a reasonable application of *New York v. Quarles*, 467 U.S. 649 (1984). Instead, although a close question, I would affirm because the California trial court was not objectively unreasonable in holding that Williams's invocation of the right to remain silent was equivocal. *See Anderson v. Terhune*, 516 F.3d 781 (9th Cir. 2008) (en banc).

"[T]he Supreme Court's commitment to *Miranda*'s fundamental tenet—that police must 'scrupulously honor[ ]' a suspect's right to remain silent by immediately ceasing questioning when the suspect invokes this right—has never wavered." *Anderson*, 516 F.3d at 788 (quoting *Miranda v. Arizona*, 384 U.S. 436, 479 (1966)) (internal citation omitted) (alteration in original). In *Quarles*, the Supreme Court created a "public safety" exception to *Miranda*, allowing officers to question a suspect before giving a *Miranda* warning as long as their questions are "related[d] to an objectively reasonable need to protect the police or the public from any immediate danger associated with [a] weapon." 467 U.S. at 659 n.8. In outlining the bounds of the *Quarles* exception, the Supreme Court stressed that it does not apply to "questions designed solely to elicit testimonial evidence from a

suspect." *Id*. at 659.  Nor does it apply where circumstances require no "immediate action by the officers beyond the normal need expeditiously to solve a serious crime."  *Id*. at 659 n.8 (distinguishing *Orozco v. Texas*, 394 U.S. 324 (1969)).  Due to the specific nature of this "narrow exception," *id*. at 658, only a limited range of applications of *Quarles* may be deemed reasonable.  *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

The record in this case unambiguously shows that the officers' questions had nothing to do with an objectively reasonable need to protect the police or the public from any immediate danger.  The officers questioned Williams for hours, while she was uncontestedly in custody, asking general questions designed to investigate a crime and elicit incriminating statements.  The investigatory nature of Williams's interrogation bears a stark resemblance to the questioning in *Orozco v. Texas*, 394 U.S. 324, 325 (1969), that the *Quarles* Court specifically denounced. 467 U.S. at 659 n.8.

Admittedly, this Circuit has applied *Quarles* to a broader range of cases than other circuits.  *Compare United States v. Brady*, 819 F.2d 884 (9th Cir. 1987), *with United States v. Williams*, 483 F.3d 425 (6th Cir. 2007), *and United States v. DeJear*, 552 F.3d 1196 (10th Cir. 2009).  In justifying the admission of statements

2

under the *Quarles* exception even where officers lacked actual knowledge of a weapon, *Brady*, 819 F.2d at 888, and where there was no "pressing need for haste," *United States v. Carrillo*, 16 F.3d 1046, 1049 (9th Cir. 1994), we have stressed the non-investigatory nature of the questioning. *Carrillo*, 16 F.3d at 1049-50 (labeling as non-investigatory a "narrowly tailored" question about a weapon that called for a "yes" or "no" answer that was not followed by further questioning); *Brady*, 819 F.2d at 888. By holding that fair-minded jurists could disagree about the application of *Quarles* to the lengthy and meticulous testimonial interrogation that Williams was subjected to, the majority undermines the bounds of an exception "circumscribed by the exigency which justifies it." *Quarles*, 467 U.S. at 658.

Accordingly, I concur only in the majority's judgment and not its reasoning.